```
UNITED STATES DISTRICT COURT              C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                        :
ELIZABETH JOHNSON,                                      :
                                                        :
                        Plaintiff,                      :   **MEMORANDUM DECISION AND**
                                                        :   **ORDER**
            - against -                                 :
                                                        :   18-CV-1205 (BMC)
                                                        :
 D.A. OFFICE, Staten Island; JUDGE                      :
 WILLIAMS E GARNTTE, Richmond County                    :
 Court; PROBATION OFFICE, Staten Island,                :
                                                        :
                        Defendants.                     :
                                                        :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

Plaintiff Elizabeth Johnson brings this action in connection with criminal proceedings in Richmond County Supreme Court, Criminal Term.[1] Plaintiff's application to proceed *in forma pauperis* is granted. Plaintiff's motion for emergency relief is denied. For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

It is unclear from the instant complaint what plaintiff's federal cause of action is against the named defendants, as the complaint is disjointed and largely indecipherable. However, a search of the New York State Unified Court System reveals that plaintiff is presently the defendant in three active state court criminal actions in Richmond County Supreme Court, Criminal Term. It appears that she brings the instant complaint in connection with at least one of those proceedings.[2] Specifically, the gravamen of her complaint seems to pertain to Richmond

---

[1] This action was originally filed in the United States District Court for the Southern District of New York and transferred to this Court on February 23, 2018.

[2] See https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch (last visited on February 27, 2018).

1

County Supreme Court case # 00338-2013, in which it appears that she has violated her probation and has stopped paying court ordered restitution. It is plain that plaintiff seeks this Court's intervention in at least that state court action. Plaintiff states, "[s]ince I took the plea deal it [has] been a nightmare over my family in Staten Island New York City. Because of these charges I [have] not been working all the time, this is why I been late to pay my restitution."

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

The only discernable relief that plaintiff's complaint, liberally reviewed, is seeking is for this Court to stop one or more of her state Court proceedings. The Court cannot do so. In Younger v. Harris, 401 U.S. 37, 43-44 (1971), the Supreme Court held that federal courts should abstain from granting injunctive relief against a state criminal prosecution instituted in good faith unless certain exceptions are met. In Sprint Commc'ns, Inc. v. Jacobs, 134 S.Ct. 584, 591-92

(2013), the Supreme Court held that the Younger doctrine applies only to three classes of state court proceedings: 1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." Sprint Commc'ns, Inc., 134 S.Ct. at 588 (internal quotation marks omitted); see id. at 591 ("We have not applied Younger outside these three 'exceptional' categories, and today hold . . . that they define Younger's scope.").

Therefore, absent extraordinary circumstances, this Court must abstain from exercising jurisdiction over plaintiff's federal claims where doing so would intrude into ongoing state criminal proceedings. See id. (citing New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 368 (1989)).

Here, it is evident that jurisdiction over plaintiff's claims would interfere with plaintiff's state criminal proceedings. See Manchanda v. Bose, 14 CV 9658, 2015 WL 81998, at *1-2 (S.D.N.Y. Jan.6, 2015) ("because plaintiff seeks to review, intervene in, or enjoin pending state criminal proceedings, the Court must abstain from exercising jurisdiction over Plaintiff's federal claims."). Plaintiff also fails to allege any facts that would bring her case within any exception for extraordinary circumstances. Thus, plaintiff's constitutional claims regarding her pending criminal cases must be dismissed. Graham v. Crim. Ct. of the City of N.Y., No. 15 CV 00337, 2015 WL 427981, at *2-3 (E.D.N.Y. Feb. 2, 2015).

There are narrow theoretical exceptions to Younger that could theoretically be applicable here. The first is where the prosecution is in bad faith, e.g., where the prosecution has actual knowledge that the defendant is innocent. But since Younger, the Supreme Court has never found this exception applicable. The only other exception that could theoretically apply is where the prosecution is part of a pattern of harassment against a particular individual.

3

There are no facts in plaintiff's complaints that even arguably fall within these narrow exceptions. Nevertheless, in light of plaintiff's *pro se* status, she is granted 20 days from the date of this Order to file an amended complaint containing factual allegations that would make either of these exceptions applicable.

**CONCLUSION**

Accordingly, the complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for emergency relief is denied. In light of this Court's duty to liberally construe *pro se* complaints and in an abundance of caution, plaintiff is given 20 days leave to file an amended complaint. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000).

Plaintiff is directed that the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure.[3] Should plaintiff elect to file an amended complaint, the amended complaint must also state the basis for federal jurisdiction and must set forth the factual allegations to support her claims against each named defendant. Plaintiff must identify each defendant in both the caption and the body of the amended complaint, and name as a proper defendant the individual who has some personal involvement in the actions she alleges in the amended complaint. Plaintiff must also provide the dates and locations for each relevant event. Even if plaintiff does not know the name of the individual, she may identify the individual as John or Jane Doe, along with a descriptive information and place of employment.[4]

---

[3] Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of its claim against each defendant named so that each defendant has adequate notice of the claims against them. See Iqbal, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.

[4] Plaintiff is advised that to the extent she may seek to bring a claim for money damages under 42 U.S.C. §1983 stemming from any criminal conviction, under § 1983 "plaintiff must prove the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

4

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. The Clerk of Court is directed to send both a general complaint and civil rights complaint form to plaintiff. If plaintiff fails to comply with this order within the time allowed, judgment shall enter dismissing the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a) (3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                        U.S.D.J.

Dated: Brooklyn, New York
        February 27, 2018

---

a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).